UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEDRI OZKILINC, individually and on behalf of those individuals similarly situated, | COMPLAINT |
| Plaintiff, | Case No.: |
| - against - | JURY TRIAL DEMANDED |
| BLUE POINT AUTO WASH REALTY, LLC, RICHARD "DOE" and FRANK "DOE," | |
| Defendants. | |

Plaintiff, **BEDRI OZKILINC** ("Plaintiff"), by and through his attorneys, **ZABELL & COLLOTTA, P.C.**, complains and alleges as follows:

## I.   PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking monetary damages, declaratory relief, and affirmative relief based upon Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, *et seq.*, N.Y. Lab. Law § 162, N.Y. Lab. Law § 196-d; New York State Department of Labor Regulations ("NYDOL Regs"), N.Y.C.R.R. § 142-2.2, 2.4, common law, and other appropriate rules, regulations, statutes and ordinances.

2. Plaintiff alleges pursuant to the FLSA and NYLL, that he is entitled to recovery from Defendants for: (1) statutory minimum wage for certain hours worked; (2) an overtime premium for all hours worked in excess of forty (40) hours per week; (3) spread of hours pay for days in which the spread of hours worked exceeded ten (10); (4) interest on all compensation Defendants withheld; (5) an award of

$5,000.00, the maximum penalty for violations of NYLL § 195(1); (6) an award of $5,000.00, the maximum penalty for violations of NYLL § 195(3); (7) liquidated damages; and (8) attorneys' fees and costs.

3. Plaintiff further brings this action for all claims previously referenced herein on behalf of all similarly situated employees.

## II. JURISDICTION AND VENUE

4. This Court maintains jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1367.

5. This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367 and other appropriate rules, regulations, statutes and ordinances.

6. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged herein occurred within the State of New York, County of Suffolk.

7. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. COLLECTIVE ACTION ALLEGATIONS

8. This action is properly maintainable as a collective action pursuant to 29 U.S.C. § 216(b).

9. This action is brought on behalf of Plaintiff and a class consisting of similarly situated employees all of whom work or have worked for Defendants.

10. At all relevant times, Plaintiff and other FLSA collective action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing: (1) to pay statutory minimum wage for certain hours worked; (2) to pay an overtime premium for all hours worked in excess of forty (40) hours per week; (3) to give an additional hour's pay, at the basic minimum hourly rate, when the spread of hours of their respective work day exceeded ten (10) hours; (4) to pay the proper tips awarded to them; (5) violations of NYLL § 195(1); and (6) violations of NYLL § 195(3).

11. Upon information and belief, there are many current and former employees who are similarly situated to Plaintiff, all of whom have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of Defendants' current and former employees' interests as well as his own interests in bringing this action.

12. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the six (6) years prior to the filing of their respective consent forms.

13. Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants' common policy and/or plan to violate the FLSA by

3

failing to provide overtime wages, at the rate of one and one-half (1.5) times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

14. The Collective Action Members are similarly situated to Plaintiff in that they were each employed by Defendants as non-exempt employees and were systematically denied overtime premium pay for hours worked beyond forty (40) in each workweek; were not paid in accordance with the statutory minimum wage; were subject to Defendants' unlawful deprivation of tips; were not lawfully compensated for spread of hours pay; and were not provided with written notice of their wage rates, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

15. The exact number of such individuals in presently unknown, but is known by Defendants and can (and will) be ascertained in the course of discovery.

## IV.   PARTIES

16. Plaintiff, **BEDRI OZKILINC**, was at all times relevant herein, a domiciliary of the State of New York, presently residing in Patchogue, New York.

17. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the NYLL, N.Y. Lab. Law § 190(2).

18. Upon information and belief, Defendant **BLUE POINT AUTO WASH REALTY, LLC** ("Defendant Blue Point Auto Wash") is a domestic business corporation

located at 46 Montauk Highway, Blue Point, New York 11715.

19. Defendant **BLUE POINT AUTO WASH** operates a car wash.

20. Upon information and belief, **RICHARD DOE** ("Defendant Richard") has been an Owner and operator of Defendant **BLUE POINT AUTO WASH** from 2014 through the present and: (1) hires and fires employees; (2) supervises and controls employee work schedules and the work environment; (3) determines the rate and method of payment of employees; and (4) maintains employment records for all the related entities.

21. Upon information and belief, **FRANK DOE** ("Defendant Frank") was an Owner and operator of Defendant **BLUE POINT AUTO WASH** until 2014 and: (1) hired and fired employees; (2) supervised and controlled employee work schedules and the work environment; (3) determined the rate and method of payment of employees; and (4) maintained employment records for all the related entities.

22. At all times relevant to the Complaint, each Defendant acted as an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the NYLL, N.Y. Lab. Law § 190(3).

23. Upon information and belief, at all times relevant herein, the Corporate Defendant was an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. § 203(r)(1) due to their operation of the car wash.

24. Upon information and belief, at all times relevant herein, Defendants employed more than two (2) employees engaged in interstate commerce and had a gross

annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to their operation of the car wash.

25. Upon information and belief, at all times relevant to the Complaint, each Defendant employed more than two (2) employees engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in connection with their operation of the car wash.

26. Upon information and belief, at all times relevant to the Complaint, each Defendant employed employees, including Plaintiff, who regularly were and are presently engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i) and (j) in connection with their operation of the car wash.

## V.    FACTS

27. Plaintiff repeats and re-alleges each and every allegation contained herein.

28. Plaintiff was hired by Defendants in or around 2005.

29. Plaintiff's responsibilities include car washing, general mechanic duties, and setting up the car wash each morning.

30. Plaintiff is currently employed in this capacity and, upon information and belief, is the most senior employee.

31. In this role, Plaintiff was, and remains, a "non-exempt", overtime eligible

employee.

32. From 2013 through October 2019, subject to weather conditions, Plaintiff worked six (6) days per week: Monday, Tuesday, Wednesday, Thursday, Friday, 6:00 a.m. through 6:00 p.m., and one day on the weekend, 6:00 a.m. through 4:00 p.m.

33. Accordingly, subject to weather conditions, Plaintiff worked no fewer than seventy (70) hours per week during this period.

34. From November 2019 through the present, subject to weather conditions, Plaintiff worked five (5) days per week: Monday, Wednesday, Friday, 6:00 a.m. through 6:00 p.m., and Saturday and Sunday, 6:00 a.m. through 4:00 p.m.

35. Accordingly, subject to weather conditions, Plaintiff worked no fewer than fifty-six (56) hours per week during this period.

36. While the car wash opened at 8:00 a.m., Plaintiff typically came in at 6:00 a.m. for general maintenance on machines and to prepare the car wash for the day's work.

37. Plaintiff was not provided with the statutory minimum wage for all hours worked in violation of the FLSA and NYLL.

38. From 2013 through the present, Plaintiff was paid $5.00 per hour, a rate below the applicable minimum wage.

39. Additionally, Defendants failed to compensate Plaintiff at a rate of one and a half (1.5) times his hourly rate for all hours worked in excess of forty (40) per week.

40. Plaintiff was compensated at his standard hourly rate for all hours worked during his tenure.

41. Defendants also failed to pay Plaintiff an additional hour's pay when his assigned shift exceeded ten (10) hours.

42. Plaintiff received tips, but never more than forty dollars ($40.00) per day.

43. During his tenure, Defendants misappropriated tips earned by Plaintiff and all of his coworkers.

44. Plaintiff was exclusively compensated by Defendants in cash from the date of his hire through the present.

45. Upon information and belief, Defendants maintained no records of cash disbursements made to Plaintiff and his co-workers.

46. Upon information and belief, Defendants failed to maintain time records for all hours worked by Plaintiff and his co-workers.

47. At all times relevant herein, Plaintiff performed the essential functions of his position in a satisfactory manner and satisfied all conditions precedent to payment in accordance with the established terms and conditions of his employment.

48. Defendants willfully disregarded and purposely evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate time and attendance sheets and payroll records.

49. Defendants failed to post notices explaining wage and hour requirements in conspicuous locations as required by the FLSA, 29 C.F.R §516.4 and the NYLL, N.Y.C.R.R. 12 § 137-2.3.

50. Defendants failed to notify Plaintiff, pursuant to the FLSA, of their intent to

8

include tip income when calculating wages actually paid for minimum wages purposes.

51. Defendants failed to provide Plaintiff with a statement listing any tip credit claimed as part of the minimum wage pursuant to NYLL. Further, Defendants failed to notify Plaintiff, pursuant to NYLL, that his tips would be used as a credit against the minimum wage rate.

52. Defendants retained tips that were owed to Plaintiff and his co-workers in violation of the NYLL.

53. As a result of the above, Defendants did not satisfy the requirements under the FLSA, and NYLL by which they could apply a tip credit to Plaintiff's wages. As such Plaintiff should have been paid the full minimum wage rate, and not the reduced tipped minimum wage rate.

54. At all relevant times, Plaintiff was entitled to receive the full statutory minimum wage rate for the first forty (40) hours per workweek, and time and one-half the full minimum wage rate for all hours worked beyond forty (40) per workweek.

55. Defendants refused to provide Plaintiff time off for meal periods as required by NYLL § 162.

56. During Plaintiff's tenure, Defendants also failed to provide him with written notice of his wage rate, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

57. Defendants failed to provide wage statements each pay period consistent with the

requirements of NYLL § 195(3).

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – FLSA Violation)

58. Plaintiff repeats and re-alleges each and every allegation contained herein.

59. During Plaintiff's tenure, Defendants failed to compensate him at the applicable minimum wage and instead paid him $5.00 per hour.

60. At all times relevant herein, Defendants were each employers within the meaning contemplated in 29 U.S.C. § 203(d).

61. At all times relevant herein, Plaintiff was an employee within the meaning contained in 29 U.S.C. § 203(e).

62. Pursuant to 29 U.S.C. § 206, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce or is employed in an enterprise engaged in commerce or in the production of goods for commerce" at least the statutory minimum wage.

63. Plaintiff did not receive the statutory minimum wage for all hours worked.

64. Consequently, by failing to pay the statutory minimum wage, Defendants violated the governing provisions of the FLSA.

65. Upon information and belief, Defendants' failure to pay minimum wage was willful.

66. Thus, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

67. Upon information and belief, the records concerning the number of hours worked by Plaintiff as well as the compensation he received in each workweek are either inaccurate, not maintained or in the exclusive custody and control of Defendants.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – NYLL Violation)

68. Plaintiff repeats and re-alleges each and every allegation contained herein.

69. During Plaintiff's tenure, Defendants failed to compensate him at the applicable minimum wage.

70. At all times relevant herein, Defendants were each employers within the meaning contemplated in NYLL Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

71. At all times relevant herein, Plaintiff was an employee within the meaning contemplated in NYLL Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

72. 12 NYCRR § 142-2.1 requires that "[t]he minimum wage shall be paid for the time an employee is permitted to work, or is required to be available for work at a place prescribed by the employer."

73. NYLL Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he

may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

74. Plaintiff did not receive the statutory minimum wage for all hours worked.

75. Consequently, by failing to pay the statutory minimum wage, Defendants violated the New York Labor Law § 190 *et seq.*

76. Upon information and belief, Defendants' failure to pay minimum wage was willful.

77. Thus, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

78. Upon information and belief, the records concerning the number of hours worked by Plaintiff as well as the compensation he received in each workweek are either inaccurate, not maintained or in the exclusive custody and control of Defendants.

### THIRD CLAIM FOR RELIEF
### (Failure to Pay Overtime – FLSA Violation)

79. Plaintiff repeats and re-alleges each and every allegation contained herein.

80. At all times relevant herein, Defendants were each employers within the meaning contemplated in 29 U.S.C. § 203(d).

81. At all times relevant herein, Plaintiff was an employee within the meaning contemplated in 29 U.S.C. § 203(e).

82. Pursuant to 29 U.S.C. § 207: "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for

12

commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

83. Plaintiff regularly worked for Defendants in excess of forty (40) hours per week.

84. Plaintiff did not receive overtime compensation at the rate of one and one-half (1.5) times his regular rate of pay for all hours worked in excess of forty (40) hours in any given week in which he worked more than forty (40) hours.

85. Consequently, by failing to pay overtime compensation, Defendants violated the governing provisions of the FLSA.

86. Upon information and belief, Defendants' failure to pay overtime compensation was willful.

87. Thus, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
### (Failure to Pay Overtime – New York Labor Law Violation)

88. Plaintiff repeats and re-allege each and every allegation contained herein.

89. At all times relevant herein, Defendants were each employers within the meaning contemplated in NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

90. At all times relevant herein, Plaintiff was an employee within the meaning

13

contemplated in NYLL Article 19 § 651(5) and the supporting NYDOL Regs.

91. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

92. NYLL Article 19 § 663, provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorneys' fees."

93. Plaintiff regularly worked for Defendants in excess of forty (40) hours per week.

94. Plaintiff did not receive overtime compensation at a rate of one and one-half (1.5) times his regular rate of pay for all hours worked in excess of forty (40) hours in any given week in which he worked more than forty (40) hours.

95. Consequently, by failing to pay overtime compensation, Defendants violated NYLL Article 19 § 663 and 12 NYCRR § 142-2.2.

96. Upon information and belief, Defendants' failure to pay overtime compensation was willful.

97. Thus, Defendants violated NYLL Article 19 § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FIFTH CLAIM FOR RELIEF
### (Failure to Provide Wage Notice - New York Wage Theft Prevention Act Violation)

98. Plaintiff repeats and re-alleges each and every allegation contained herein.

99. The New York Wage Theft Prevention Act requires employers, upon hire, to

"notify his or her employees, in writing, at the time of hiring of the rate of pay and of the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article, and obtain a written acknowledgement from each employee of receipt of this notice. Such acknowledgement shall conform to any requirements established by the commissioner with regard to content and form. For all employees who are eligible for overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

100.    Defendants did not provide Plaintiff with a wage notice, as required by NYLL § 195.

101. Plaintiff did not sign an acknowledgement confirming receipt of said notice, as required by NYLL § 195.

102. For the foregoing reasons, Defendants violated NYLL § 195 and are subject to the maximum penalty for violations NYLL § 195.

### SIXTH CLAIM FOR RELIEF
### (Failure to Provide Wage Statements – New York Labor Law Violation)

103. Plaintiff repeats and re-alleges each and every allegation contained herein.

104. NYLL § 195(3) requires employers to provide employees with a statement with every payment of wages.

105. NYLL §§ 195(3) requires the wage statement to include: (1) the regular hourly rate or rates of pay; (2) the overtime rate or rates of pay; (3) the number of regular hours worked; and (4) the number of overtime hours worked.

106. Upon information and belief, Defendants failed to provide Plaintiff with wage statements with every payment of wages.

107. Thus, Defendants violated NYLL § 195(3) and are subject to the maximum penalty for violations under NYLL § 195.

### SEVENTH CLAIM FOR RELIEF
### (Tip Misappropriation - New York Labor Law)

108. Plaintiff repeats and realleges each and every allegation contained herein.

109. Defendants unlawfully demanded, or accepted, directly or indirectly, part of the gratuities received by Plaintiffs in violation of the NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

110. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants the value of the misappropriated gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgement interest.

### EIGHTH CLAIM FOR RELIEF
### (Failure to Pay Spread of Hours – New York Labor Law Violation)

111. Plaintiff repeats and realleges each and every allegation contained herein.

112. 12 NYCRR § 146-1.6 requires that "[o]n each day on which the spread of hours exceeds 10, an employee shall receive on additional hour of pay at the basic minimum hourly rate."

113. Plaintiff regularly worked in excess of ten (10) hours in a workday.

114. Defendants failed to pay Plaintiff an additional hour's pay, at the basic minimum

16

hourly rate, when the spread of hours of his respective workday exceeded ten (10) hours.

115. Consequently, by failing to pay an additional hour's pay when Plaintiff's spread of hours in a workday exceeded ten (10) hours, Defendants violated 12 N.Y.C.R.R. § 146-1.6.

116. By the foregoing reasons, Defendants violated 12 N.Y.C.R.R. § 146-1.6. and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## V.     DEMAND FOR JURY TRIAL

117.    Plaintiff repeats and re-alleges each and every allegation contained herein.

118.    Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein, Plaintiff respectfully requests this Court grant the following relief:

   a) On the First, Second, Third, Fourth, Seventh, and Eighth Causes of Action, an award of Plaintiff's actual damages in an amount to be determined at trial plus interest;

   b) On the Fifth and Sixth Claims for Relief, an award up to the maximum penalty for violations of NYLL § 195;

   c) Order Defendants to pay Plaintiff a reasonable sum for expenses pursuant to the NYLL §§ 198, 663;

   d) Declare Defendants violated the FLSA and NYLL;

e) An award of liquidated damages where allowed by statute;

f) Defendants be ordered to pay Plaintiff pre and post judgment interest, where permissible by statute;

g) Defendants to pay all costs and disbursements of this action, including Plaintiff's attorneys' fees; and

h) Order such other and further relief as may be just and proper.

Dated: Bohemia, New York
December 10, 2019

ZABELL & COLLOTTA, P.C.
*Attorneys for Plaintiff*

By: _____
Christopher K. Collotta, Esq.
Ryan T. Biesenbach, Esq.
1 Corporate Drive, Suite 103
Bohemia, NY 11716
Tel. (631) 589-7242
Fax (631) 563-7475
CCollotta@laborlawsny.com
RBiesenbach@laborlawsny.com

18